UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNTIED STATES OF AMERICA,

     Plaintiff,

                             Case No. 05-80722-1

v.

                             Honorable Patrick J. Duggan

GREGORY McCLAIN,

     Defendant.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 1, 2009.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On June 16, 2009, Defendant filed a motion requesting this Court to compel defense counsel "to provide him with a full and complete copy of the defense files in this case, including discovery, or to explain why he cannot do so." (Def. Mot. to Compel at 1.) On August 4, 2009, this Court denied Defendant's motion based on defense counsel's expressed willingness to provide Defendant with the documents that remain in his possession—namely copies of Defendant's indictment, plea agreement, and presentence report. Presently before the Court is Defendant's Motion for Reconsideration, filed on August 17, 2009.

Eastern District of Michigan Local Rule 7.1(g)(3) provides that a motion for reconsideration should be granted only if the movant demonstrates that the court and the

parties have been misled by a palpable defect and that a different disposition of the case must result from correction of that defect.  "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain."  *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).  Furthermore, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(g)(3).

Defendant seeks reconsideration on grounds that defense counsel misrepresented the facts of this case in response to his motion. Defendant also complains that most of the allegedly misrepresented facts in defense counsel's response are irrelevant to the disposition of the motion to compel.  (Def.'s Mot. for Reconsideration at 1-2.)  The Court agrees with Defendant's assessment of the relevancy of the allegedly misrepresented facts.  Because the allegedly misrepresented facts are irrelevant, however, they fail to provide a basis for granting Defendant's present motion.

In the order denying Defendant's motion to compel, this Court identified the most salient facts in defense counsel's response: (1) defense counsel no longer possesses discovery materials because they were disposed of after Defendant's sentencing; and (2) defense counsel is willing to send copies of the indictment, plea agreement, and presentence report to Defendant.  (Docket No. 107 at 1-2.)  In his motion for reconsideration, Defendant acknowledges receipt of the named documents.  Nonetheless, Defendant continues to seek an order from this Court granting his motion to compel or, alternatively, requiring defense counsel to provide a detailed explanation regarding the disposal of the discovery materials.  (Def.'s Mot. to Reconsider at 9.)  This request

presents the same issue previously ruled on by the Court and Defendant has failed to

establish the existence of a palpable defect that misled the Court's prior ruling.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Gregory McClain #40609-039
FCI Fort Worth
P.O. Box 15330
Fort Worth, Texas  76119

Steven Fishman, Esq.
Ronald Waterstreet, AUSA