UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNTIED STATES OF AMERICA,
    Plaintiff,

v.                                              Case No. 05-80722-1

GREGORY McCLAIN,                Honorable Patrick J. Duggan
    Defendant.
                                      /

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 10, 2009.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                           U.S. DISTRICT COURT JUDGE

Gregory McClain ("Defendant"), a federal prisoner currently incarcerated at the Federal Correctional Institution in Fort Worth, Texas, filed a pro se motion under 28 U.S.C. § 2255 challenging the length of his sentence. Specifically, Defendant alleges that a combination of ineffective assistance of counsel and prosecutorial misconduct resulted in a breach of his plea agreement and an unfairly elevated sentence. Defendant seeks resentencing to a term of 105 months. The government opposes Defendant's motion.

**I. Factual and Procedural Background**

On August 11, 2005, a grand jury indicted Defendant on five charges: (I) conspiring to distribute cocaine, (II) being a leader of a continuing criminal enterprise, (III) possessing cocaine with the intent to distribute, (IV) attempting to possess cocaine with the intent to distribute, and (V) conspiring to launder monetary instruments. If convicted,

Defendant faced a mandatory minimum sentence of 20 years on count II and 10 years on count I.  *See* 21 U.S.C. § 841, 846, 848.

Pursuant to a plea agreement, Defendant pleaded guilty to counts I and V on February 6, 2007.[1]  The plea agreement, entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure,[2] required that Defendant plead guilty to the aforementioned counts and assist the United States Attorney's Office in the investigation and prosecution of others involved in criminal activities in exchange for the government's dismissal of the remaining counts, agreement to a sentencing guideline range of 135 to 168 months, and promise to seek a downward departure to the range of 68-84 months in the event Defendant provided substantial assistance in the investigation or prosecution of others.  (Def.'s Reply Ex. A.)  In regard to the sentencing guideline range, the plea agreement specifically provided:

> There are no sentencing guideline disputes.  Except as provided below, defendant's guideline range is **135-168** months, as set forth on the attached worksheets.  If the Court finds:
> a) that defendant's criminal history category is higher than reflected on the attached worksheets, or
> b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,
> and if any such finding results in a guideline range higher than **135-168**, the higher guideline range becomes the agreed range. . . .
> Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached

---

[1] Defendant's plea to count I involved 50 kilograms or more of cocaine.

[2] A sentencing agreement made pursuant to this rule "binds the court once the court accepts the plea agreement."  Fed. R. Crim. P. 11(c)(1)(C).

> worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

(Def.s Reply Ex. A ¶ 2B.) The sentencing guideline range was calculated assuming an offense level of 33 and a criminal history category of I. The agreement went on to reiterate that "the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range," and reserved to Defendant the right to withdraw his plea if the Court's imposed sentence exceeded 168 months.[3] (Def.'s Reply Ex. A ¶¶ 3A, 6.) Finally, Defendant waived his right to appeal his conviction or sentence under the agreement in all but one circumstance: "If the sentence imposed is above [135-168 months], defendant retains his right to directly appeal the Court's guideline determination." (Def.'s Reply Ex. A ¶ 7.)

At the February 6, 2007, plea hearing, Defendant indicated that he understood all the terms and conditions of the plea agreement and, in his own words, informed the Court that the agreed upon guideline range was "135 to 168" months. (Plea Tr. at 8.) Defendant also acknowledged "that factors may come to the attention of the probation department in which they can conclude that a higher guideline range is appropriate," and that, if the Court agreed with the probation department, the higher range would become the guideline range for Defendant's sentence. (*Id.*) Defendant's right to withdraw his plea if the Court imposed a sentence above the top of the agreed upon guideline range (i.e. above 168 months) was also placed on the record. (*Id.* at 8-9, 16.)

---

[3] This is the only reason for which Defendant could withdraw his plea under the agreement. (Def.'s Reply Ex. A ¶ 6.)

Between the plea hearing and sentencing, the probation department completed a pre-sentence report ("PSR") suggesting a guideline range of 188 to 235 months. Two factors contributed to the probation department's calculation of a higher range than the plea agreement. First, Defendant qualified for criminal history category II, rather than I as assumed in the plea agreement, based on prior convictions for dog fighting and assault and battery. Second, the plea agreement incorrectly calculated the offense level as 33 based on Defendant's cocaine distribution conspiracy charge. When Defendant's convictions were properly scored and grouped under the sentencing guidelines, the offense level rose to 35 on account of the money laundering conspiracy charge. *See* U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(2), 2S1.1, 3D1 (2006).[4]

Defendant appeared for sentencing on July 10, 2008. At that time defense counsel acknowledged that the probation department correctly determined Defendant's criminal history but nonetheless argued that placing Defendant in criminal history category II substantially overrepresented the likelihood that Defendant would commit future crimes. (Sentencing Tr. at 5, 9.) Defense counsel also acknowledged that the probation department properly calculated Defendant's offense level at 35 but reminded the Court that the plea agreement contemplated a sentencing range of 135-168. (*Id.* at 4, 6.) Defense counsel went on to argue that, in light of the advisory nature of the guidelines and in the interest of fairness, the Court should sentence Defendant within the range

---

[4]Defendant's money laundering conspiracy charge was brought under 18 U.S.C. § 1956, resulting in a 2-level enhancement of his offense level on that count. U.S. Sentencing Guidelines Manual § 2S1.1(b)(2)(B) (2006).

provided in the plea agreement rather than that calculated by probation. (*Id.* at 6-7.) The Court ultimately agreed with defense counsel's criminal history argument but acknowledged that the correct offense level—as provided by the sentencing guidelines—is 35. This resulted in a guideline range of 168 to 210 months and the Court sentenced Defendant to 168 months. (*Id.* at 9-11.) In January 2009, Defendant's sentence was reduced to 138 months based on a Rule 35 motion filed by the government. *See* Fed. R. Crim. P. 35(b).

Defendant filed the present motion for resentencing on July 14, 2009. Defendant argues that he received ineffective assistance of counsel when his attorney failed to inform him of his appeal rights, failed to object to the probation department's calculation of the offense level, and failed to demand compliance with the plea agreement. Defendant also asserts that he is entitled to resentencing based on the government's breach of the plea agreement. Defendant requests that the Court resentence him to the bottom of the guideline range set forth in the plea agreement (i.e. 135 months) and then reduce that sentence by 30 months in accord with the government's prior Rule 35 motion. This would result in a final sentence of 105 months. The government responded to Defendant's motion on August 7, 2009, and Defendant replied August 20, 2009. For the reasons set forth below, the Court denies Defendant's motion.

**II. Waiver**

Before addressing the merits of Defendant's claims, the government asserts that Defendant waived his right to review by failing to appeal his sentence. According to the government, Defendant can only overcome this waiver by showing cause for his

procedural default and actual prejudice resulting from the alleged error. *See United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982). Even so, the Court need not concern itself with a detailed analysis of the "cause and actual prejudice" standard as it applies to this case. In regard to Defendant's allegations of ineffective assistance, the Supreme Court has held, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." As to Defendant's breach claim, defense counsel's alleged ineffective assistance—if substantiated—provides "cause" for Defendant's default and "actual prejudice" cannot be determined without addressing the merits of Defendant's claim.[5] Therefore, the Court proceeds to the merits.

### III. Ineffective Assistance: Failure to Demand Compliance with the Plea Agreement

In his motion, Defendant argues that his attorney provided ineffective assistance by failing to demand compliance with the plea agreement. In regard to this claim, Defendant takes particular issue with defense counsel's concession that the probation department properly calculated the offense level as 35 while the plea agreement assumed an offense

---

[5]It is unclear to the Court whether Defendant should be required to show "actual prejudice" where the alleged violation is breach of a plea agreement. When such claims are brought on direct appeal, the claims are reviewed *de novo* even if the defendant failed to object at sentencing. *See United States v. Rivera*, 357 F.3d 290, 293-94 (3d Cir. 2004). This is because, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971). This is true even where a sentencing judge indicates that he or she was not influenced by the breach in imposing a sentence. *Id.*

In this case, though, the Court need not decide whether Defendant is required to show actual prejudice to overcome the procedural default. As will be discussed in more detail below, the prejudice inquiry is made moot by the fact that the government did not breach the plea agreement.

6

level of 33. (Sentencing Trans. at 6.) Defendant's argument, however, mischaracterizes the substance of defense counsel's advocacy.

Although defense counsel admitted that the probation department correctly scored Defendant's conviction, that statement did not amount to abandonment of the terms of the plea agreement or advocacy of a higher guideline range. To the contrary, defense counsel reminded the Court of the agreed upon guideline range and, in the interest of fairness, implored the Court to disregard the "correct" guideline range and impose a sentence reflecting the original agreement. (*Id.* at 4, 6-7.) Under these circumstances, Defendant's claim must fail; defense counsel cannot be deemed ineffective for failing to demand compliance with the plea agreement where he did, in fact, argue for such compliance.

**IV. Ineffective Assistance: Failure to Object to Sentencing Guideline Calculations**

Taking a different approach to the prior issue, Defendant also argues that the probation department miscalculated the relevant offense level and that defense counsel's failure to object to the miscalculation amounted to ineffective assistance. Like the prior issue, however, Defendant's argument again relies on inaccurate factual assumptions.

The probation department accurately calculated the relevant offense level in Defendant's case. While the plea agreement assumed that the relevant offense level would derive from Defendant's charge for conspiracy to distribute cocaine, the probation department calculated the offense level for both of Defendant's convictions and found that the offense level for the money laundering conspiracy charge was higher.

Pursuant to the sentencing guidelines, Defendant's base offense level for conspiracy to distribute 50 to 150 kilograms of cocaine is 36. U.S. Sentencing Guidelines Manual §

7

2D1.1(c)(2) (2006). Meanwhile, Defendant's base offense level for the money laundering conspiracy is calculated as "[t]he offense level for the underlying offense from which the laundered funds were derived, if (A) the defendant committed the underlying offense . . . and (B) the offense level for that offense can be determined . . . ." *Id.* § 2S1.1(a)(1). In Defendant's case, the laundered funds derived from the conspiracy to distribute cocaine—a crime committed by Defendant with a calculated offense level of 36. Therefore, the base offense level for Defendant's money laundering count is also 36. Defendant argues, however, that the offense level should be calculated as "**8** plus the number of offense levels from the table in §2B1.1 . . . corresponding to the value of the laundered funds . . . ." *Id.* § 2S1.1(a)(2). Defendant is wrong. The calculation cited by Defendant applies only when "(i) the defendant did not commit the underlying offense; or (ii) the defendant committed the underlying offense . . . but the offense level for the underlying offense is impossible or impracticable to determine." *Id.* § 2S1.1 cmt. n.3(A). In this case, Defendant committed the underlying offense and the underlying offense level is 36, making the rule applied by the probation department appropriate.

Having determined the base offense level for the money laundering conspiracy charge, the probation department added 2 levels because Defendant was convicted under 18 U.S.C. § 1956. *Id.* § 2S1.1(b)(2)(B). This brought the total offense level to 38. Applying the grouping rules of the sentencing guidelines, 38 becomes the relevant offense level for Defendant's charges. *See id.* § 3D1. The probation department then reduced the offense level by 3 because of Defendant's acceptance of responsibility. *Id.* § 3E1.1. The end result is that the probation department accurately calculated Defendant's

offense level as 35. Because the probation department accurately calculated Defendant's offense level, defense counsel cannot be deemed ineffective for failing to object. *Krist v. Foltz*, 804 F.2d 944, 946 (6th Cir. 1986). Therefore, Defendant is not entitled to resentencing on this basis.

## V. Breach of the Plea Agreement

Defendant next takes issue with the conduct of the Assistant United States Attorney ("AUSA") involved in his sentencing. According to Defendant, the AUSA violated the plea agreement by advocating the higher guideline range calculated by the probation department. Whenever the government breaches a plea agreement, "[t]he interest of justice and standards of good faith in negotiating plea bargains require reversal . . . ." *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993). In this case, however, the AUSA did not violate the plea agreement.

As Defendant correctly notes, the plea agreement prohibited the government from taking "a position concerning the applicable guidelines that is different than any position" taken by the government in the plea agreement, except as necessary to the Court's determination of Defendant's applicable criminal history or failure to cooperate after pleading guilty. (Def.'s Reply Ex. A ¶ B.) This clause prohibited the government from advocating for the increased sentence guideline range that resulted from the 2-level enhancement in the probation department's calculation of Defendant's offense level.

The Court has reviewed the entirety of the AUSA's contributions to the sentencing hearing and concludes that the government never advocated a sentencing range above 135 to 168 months. Prior to this Court's adoption of 168 to 210 months as the applicable

9

guideline range in Defendant's case, the AUSA engaged in the following exchange with the Court:

> [AUSA]: As to what [defense counsel] said, the guidelines are advisory in nature.  However, I'd ask the Court to take into account the co-defendant was sentenced the other day, is to keep in mind what role each one played and make a sentence accordingly.
> The Court: Tell me about that.
> [AUSA]: Well, it was [Defendant] who was the individual who was responsible for having the drugs shipped from Texas, finding the drivers and having them sent to Mr. Killian [the co-defendant].

(Sentencing Tr. at 8.)  In this argument, the AUSA refers to a 168-month sentence imposed by the Court on co-defendant Killian a few days earlier. *United States v. Killian*, No. 05-80722-2, docket entry 91 (E.D. Mich. July 10, 2008).  It is unclear from the AUSA's statement if he seeks a sentence merely equivalent to or exceeding that of Killian; in either case, though, the AUSA makes no argument "concerning the applicable guidelines."

Other than that exchange, the AUSA made only two other contributions to the sentencing hearing.  At one point the AUSA confirmed the date of one of Defendant's prior convictions; at another the AUSA confirmed that the guideline range for offense level 35, criminal history category I is 168 to 210 months.  (Sentencing Trans. at 9, 10.) The latter statement was made only after the Court had adopted 168 to 210 months as the guideline range.  Neither statement amounts to advocacy of an applicable guideline different from that contained in the plea agreement.  Therefore, the government did not breach the plea agreement.

It is also notable that the Court's sentence did not breach the plea agreement—a

10

sentence of 168 months was contemplated by the agreed upon guideline range of 135 to 168 months and Defendant acknowledged at his plea hearing that he could only withdraw his plea if his sentence *exceeded* that range.  (Plea Tr. at 8-9.)  For these reasons, Defendant is not entitled to resentencing based on an alleged breach of his plea agreement.

**VI. Ineffective Assistance: Failure to Advise Defendant of His Right to Appeal**

Finally, Defendant argues that defense counsel provided ineffective assistance by failing to inform him of his right to appeal in the event that the government breached the plea agreement.  To establish ineffective assistance, Defendant must show both that counsel's performance was objectively unreasonable and that counsel's errors prejudiced the outcome of the case.  *See Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064 (1984).  Even assuming defense counsel's failure to inform Defendant of his right to appeal amounted to objectively unreasonable performance, Defendant cannot establish prejudice because, as discussed above, the government did not breach the plea agreement.  Furthermore, the Court notes that, in the plea agreement, Defendant waived any right to appeal his conviction or sentence unless the Court imposed a sentence above the agreed upon range of 135 to 168 months.[6]  Because the Court sentenced Defendant to 168 months, Defendant waived his right to appeal.

---

[6]The plea agreement, which Defendant signed on January 2, 2007, also contains the acknowledgment, "By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms."  (Def.'s Reply Ex. A.)  Defendant further expressed his understanding of "all the terms and conditions" of the plea agreement at his February 6, 2007, plea hearing.  (Plea Tr. at 6.)

11

## VII. Conclusion

Despite his assertions to the contrary, none of the parties involved in Defendant's case engaged in conduct that would entitle him to resentencing—the government complied with the plea agreement, defense counsel appropriately argued for enforcement of the plea agreement's terms, and the Court imposed a sentence within the agreed upon guideline range.  Ultimately, Defendant received the benefit of his bargain and his motion must be denied.

Accordingly,

**IT IS ORDERED** that Defendant's 28 U.S.C. § 2255 Motion is **DENIED**.

A judgment consistent with this opinion shall issue.

            s/PATRICK J. DUGGAN
            UNITED STATES DISTRICT JUDGE

Copies to:
Gregory McClain #40609-039
FCI Fort Worth
P.O. Box 15330
Fort Worth, Texas  76119

Ronald Waterstreet, AUSA