UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNTIED STATES OF AMERICA,
         Plaintiff,

Case No. 05-80722-1

v.

Honorable Patrick J. Duggan

GREGORY McCLAIN,
         Defendant.
                                         /

**ORDER DENYING PETITIONER'S MOTION
FOR A CERTIFICATE OF APPEALABILITY**

At a session of said Court, held in the U.S. District
Courthouse, City of Detroit, County of Wayne,
State of Michigan on October 26, 2009.

PRESENT:  HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on Defendant's motion for a certificate of appealability concerning the Court's denial of Defendant's motion under 28 U.S.C. § 2255 challenging the length of his sentence.  Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a federal district court rejects a § 2255 motion on the merits, the substantial showing threshold is met if the applicant demonstrates "that reasonable jurists would find

1

the district court's assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). An applicant "satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the applicant's claims. *Id.* at 336-37.

In the underlying motion, Defendant asserted that the government attorney on his case engaged in prosecutorial misconduct by advocating a sentencing guideline range higher than that contained in his Rule 11 plea agreement and that defense counsel was ineffective. Defendant seeks a certificate of appealability regarding his claim of prosecutorial misconduct and his ineffective assistance claim, but only to the extent that the latter claim is based on counsel's alleged failure to object to the alleged prosecutorial misconduct. Having considered the matter, the Court concludes that reasonable jurists would not find the Court's denial of relief debatable or wrong. Although the Court stated at sentencing that a higher guideline range actually applied to Defendant's case than the range agreed upon in the Rule 11 agreement, the government attorney did not advocate for the higher range—and therefore did not breach the agreement—and defense counsel argued against the higher range. Furthermore, the Court ultimately sentenced Defendant to a terms of months contemplated by the agreed upon sentencing guideline range. For these reasons, the Court concludes that Defendant has failed to make a substantial

showing of the denial of a constitutional right. Accordingly, the Court **DENIES** his motion for a certificate of appealability.

       **IT IS SO ORDERED.**

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Gregory McClain #40609-039
FCI Fort Worth
P.O. Box 15330
Fort Worth, Texas 76119

Ronald Waterstreet, AUSA